HAROLD GUYON TRIMBLE AND ESTHER K. TRIMBLE, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6086, 6087. Promulgated May 29, 1946.

*Victor E. Cappa, Esq.*, for the petitioners.
*W. J. McFarland, Esq.*, for the respondent.

1232

## OPINION.

HARRON, *Judge*: Petitioner claims that he is entitled to deduct $5,934.07, the sum which he paid in 1941 to the guardian of the beneficiary of the trust involved under the settlement which was approved by the Superior Court of California. The deduction is claimed under section 23 (k) (1) of the Internal Revenue Code, as amended by section 124 of the Revenue Act of 1942, which relates to deductions for debts which become worthless in the taxable year. The question is whether an indebtedness owing by Jacobs to Trimble came into existence and resulted from the payment which Trimble made in 1941 under a joint and several liability of the trustees. If a debt came into existence, the facts show that such debt was worthless in 1941, during which year Jacobs was insolvent.[1]

The facts are that Jacobs, who withdrew the trust fund, received all of the benefits from the fund, and that petitioner, the cotrustee, was, at the most, only negligent in placing his confidence in Jacob's ability to repay the trust. Jacobs agreed to restore the funds to the trust, and at the time Trimble believed that Jacobs had property out of

[1] See Mertens, Law of Federal Income Taxation, vol. 5, par. 30.11, p. 367, where it is stated, in part, as follows:

"A Deductible Debt Must Have Value When Acquired. A voluntary loan which gives rise to a debt which is worthless when acquired—in the sense that it has no value—may not then or subsequently be deducted as a bad debt. Such an advance is equivalent to a gift; in any event, a taxpayer may not create for himself a right to a deduction by making an advance without reasonable expectation of repayment. There must exist a real and not fictitious or disembodied debtor-creditor relationship.

\* \* \* \* \* \* \*

"Where the debt is created involuntarily the foregoing rule does not apply and the taxpayer may be allowed a bad debt deduction, the worthlessness of his claim being in fact the element justifying his right to the deduction. This rule finds illustration in the cases of an endorsement or the assumption of the obligation by a surety. In such cases the debt arises only when the endorser or surety pays [citing *Shiman* v. *Comm.*, 60 Fed. (2d) 65], and he pays only if the prior obligor is unable to do so. In such cases a bad debt deduction may be allowed."

which he could realize sufficient to repay the trust. Under such facts, petitioner was not equally at fault with Jacobs in the breach of the trust, and, since Jacobs was substantially more at fault than petitioner and received the full benefit from the breach of the trust, he was obligated to make contributions to petitioner, his cotrustee, to the extent of the benefit which he received, which was equal to the money petitioner paid under his separate liability to the guardian of the beneficiary. See Restatement of the Law of Trusts, vol. 1, pp. 801–804, ¶258 (d) and (f); *In re Whitney's Estate*, 11 Pac. (2d) 1107, 1111.

It is held that Jacobs was indebted to petitioner for the amount he paid to the guardian of the beneficiary of the trust, and that the indebtedness became worthless in 1941.

*Decision will be entered for the petitioner.*